An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LOGAN WELLES MCFARLAND,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65992

**FILED**

JAN 15 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of commission of an offense involving a stolen motor vehicle, conspiracy to commit kidnapping and/or robbery, kidnapping in the first degree, robbery, burglary, and grand larceny of a motor vehicle. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

First, appellant Logan Welles McFarland contends that the district court erred by denying his pretrial petition for a writ of habeas corpus because insufficient evidence was presented at the preliminary hearing to establish probable cause to support a charge of kidnapping for the purpose of committing robbery. *See* NRS 200.310(1) (a person who commits kidnapping for the purpose of committing robbery is guilty of first-degree kidnapping). We review a district court's determination regarding a pretrial habeas petition for substantial error. *Sheriff v. Shade*, 109 Nev. 826, 828, 858 P.2d 840, 841 (1993).

At the preliminary hearing, evidence was presented that Angela Hill approached the victim while she was starting her car. Hill took the victim's keys and ordered her to get into the passenger seat. McFarland appeared at the passenger door to block the victim's escape

15-01707

and took her purse. Hill drove off with the victim while McFarland followed in another car. Believing she was about to be killed, the victim struggled with Hill until the car came to a stop. Both women fell out of the car. The victim noticed McFarland approaching and dove into the car. As she drove away, the victim was shot in the head.

McFarland asserts that the robbery was complete as soon as the victim turned over her keys and purse and therefore any kidnapping which occurred thereafter was unrelated to the robbery. We disagree. *See State v. Fouquette*, 67 Nev. 505, 528, 221 P.2d 404, 416 (1950) ("Acts of taking victim of robbery from scene of crime in automobile for purpose of removing [her] to a place where [she] could less easily raise an alarm and summon aid, are committed in the perpetration of the robbery."). We conclude that the district court did not commit substantial error by determining that sufficient evidence was presented to establish probable cause to support the charge.

Second, McFarland contends that the district court erred by rejecting his proposed jury instruction, which stated that he could not be convicted of committing an offense involving a stolen vehicle unless the jury found that the person who took the vehicle intended to permanently deprive the owner thereof. "This court reviews a district court's decision to issue or not to issue a particular jury instruction for an abuse of discretion." *Ouanbengboune v. State*, 125 Nev. 763, 774, 220 P.3d 1122, 1129 (2009). Because NRS 205.273 (offense involving a stolen vehicle) does not require the State to prove that the vehicle was taken with the intent to permanently deprive the owner thereof, we conclude that the district court did not abuse its discretion by rejecting McFarland's instruction. *See Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596

(2005) (a defendant is not entitled to inaccurate instructions). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.     _____, J.
Douglas                                        Cherry

cc:     Hon. Nancy L. Porter, District Judge
        Gary D. Woodbury
        Attorney General/Carson City
        Elko County District Attorney
        Elko County Clerk